UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN CROSS,<br>　　　　Plaintiff(s),<br>v.<br>SMITH'S FOOD AND DRUG,<br>　　　　Defendant(s). | Case No. 2:22-cv-01346-APG-NJK<br>**REPORT AND RECOMMENDATION** |

　　　On August 22, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 3.[1] The deadline to respond was set for September 12, 2022. *Id.* Plaintiff has appeared to respond to the order to show cause by filing "exhibits" that do not on their face relate to subject matter jurisdiction. *See* Docket No. 4.

　　　The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

　　　Plaintiff's complaint arises out of alleged interactions at a local grocery store. *See* Docket No. 1-1 at 6-8. These allegations do not on their face involve a federal question. The complaint

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

alleges that this case involves a federal question pursuant to 18 U.S.C. § 351(e).  *See* Docket No. 1-1 at 3.  That statute, however, provides for punishment for crimes committed *against certain government officials and candidates*, *see* 18 U.S.C. § 351(a), which is not implicated by the allegations in this case.[2]  Moreover, despite being provided an opportunity to do so, Plaintiff has otherwise made no showing as to how this Court has subject matter jurisdiction in this case.

Accordingly, the undersigned **RECOMMENDS** that this case be dismissed for lack of subject matter jurisdiction.

Dated: September 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] Even if the statute were somehow applicable to the circumstances alleged, federal criminal statutes generally do not create private causes of action.  *See, e.g.*, *Cal. v. Sky Tag, Inc.*, 2011 WL 13223655, at *2 (C.D. Cal. Nov. 29, 2011) (collecting cases).